**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANNY AMEN ANDERSON VALENTINE SHABAZZ,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JOHN CARNEY,** *et al.*,<br><br>    **Defendants.** | **Civil Action No.: 24-7967 (ES) (JSA)**<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

    1.    Before the Court is *pro se* Plaintiff Danny Amen Valentine Shabazz's ("Plaintiff") application to proceed *in forma pauperis* ("IFP"). (D.E. No. 36).

    2.    "[W]hen a person proceeds in forma pauperis, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). Courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

    3.    Pursuant to 28 U.S.C. § 1915, "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont de Nemours & Co.*, 335 U.S. 331, 342 (1948). In order to proceed IFP, a litigant must show that he "cannot because of his poverty 'pay or give security for the costs [] and still be able

to provide' himself and dependents 'with the necessities of life.'" *Id.* at 339 (alterations in original).

4. First, Plaintiff's IFP application contains a number of irregularities. For example, on his application Plaintiff claims that his total monthly expenses are $505,700.00; however, the itemized list of expenses he provided totals $5,750. (D.E. No. 36 at 4–5). Plaintiff does not provide a detailed list of any additional expenses or any explanation as to why his total monthly expenses are so high. This means that Plaintiff's yearly expenses are over $6 million, leading the Court to believe that Plaintiff may have listed his expenses incorrectly. (*See id.*). Indeed, based on the application before the Court, it is difficult to understand why Plaintiff cannot pay the filing fee with yearly expenses this high. Moreover, Plaintiff asserts that he expects to pay monthly attorneys' fees for this matter in the amount of $5,000 per month. (*Id.* at 5). It is difficult to discern how Plaintiff cannot afford to pay the filing fee when he expects to spend $5,000 per month on attorneys' fees.

5. Furthermore, Plaintiff has not provided some of the necessary information requested, which calls for applicants to "[c]omplete all questions in [the] application and then sign it" and to "not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*Id.* at 1). Plaintiff's IFP application contains numerous blank entries, including the entire section for any income amounts he expects within the next month. (*Id.* at 1–2). This alone is sufficient to deny the IFP application.

6. In addition, Plaintiff asserts that he expects major changes to his monthly income, expenses, assets, or liabilities during the next twelve months, but failed to provide a description on an attached sheet as instructed. (*Id.* at 5). Relevant here, it is possible that Plaintiff expects to collect on sums he claims are owed to him, including $250,000,000.000 from the State of

Delaware, $10,000,000.00 from Hulu, and $250,000,000.00 from "FilA." (*See id.* at 3).  Based on this IFP application, the Court cannot discern whether Plaintiff can pay the filing fee and still be able to provide himself with the necessities of life.  As such, Plaintiff's IFP Application is DENIED.

7.      Second, the Court reviews the Complaint *sua sponte* for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a).  A district court must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6).  *See Shorter*, 12 F.4th at 371.

8.      The Court construes *pro se* complaints "liberally" because they are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e).  However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted).  Thus, the complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *Dist. Council 47 v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986).  Pursuant to Rule 8, factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(l).  The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9. To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft*, 556 U.S. at 678). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

10. Here, the facts alleged in Plaintiff's *pro se* Complaint—consisting of a mere two paragraphs—are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his rights. *See Ashcroft*, 556 U.S. at 679; *see also* Fed. R. Civ. P. 8(a)(2). Plaintiff asserts, in a paragraph entitled "allegations," that "the state of Delaware fraudulent[ly] concealed billions in bail out money from 47th and 7th LLC." (D.E. No. 1 at 2). He also claims that "Chris Bruce breached the NDA drafted by Victor Sapphire Esq." (*Id.*). Plaintiff then states that "[w]e are filing a motion to Appoint Counsel to draft the complaint." (*Id.*). He continues to claim how "[t]ort will be advocated based off the amount of deaths and injury" that have "occurred since the breach of [the] NDA and bailout of 2.4 billion." (*Id.*). Plaintiff then purports to request an "immediate injunction

on the NDA with Chris Bruce's signature." (*Id.*). Next, in a paragraph entitled "remedies," Plaintiff seeks "[d]amages . . . under section 17 of the copyright law." (*Id.*).

11. Plaintiff's legal conclusions of fraudulent concealment, breach of a nondisclosure agreement, an unknown tort, and copyright infringement are not accepted as true, and he has not presented facts to support those claims. *See Iqbal*, 556 U.S. at 678. Nor has he set forth any basis for an "immediate injunction." *See* Fed. R. Civ. P. 65; *see also* L. Civ. R. 65.1.

12. With respect to Plaintiff's passing reference to fraudulent concealment, he fails to set forth allegations of "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *See Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009). Similarly, with respect to Plaintiff's breach of contract claim, apart from a general description that the contract at issue is an "NDA," he has not described either the subject matter of the contract, or the term or terms that were allegedly breached. Nor does he set forth sufficient facts to discern the alleged "tort" or copyright violation that he appears to advance in light of the purported breach. Indeed, the Complaint "lacks any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction, and therefore wholly fails to comply with *Twombly*/*Iqbal* and Federal Rule of Civil Procedure 8(a)." *Grambrell v. South Brunswick Bd. of Educ.*, 18-16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) (citation and internal quotations and brackets omitted).

13. Without more, these allegations fail to state a claim upon which relief may be granted. In addition, although Plaintiff has submitted numerous filings in this action, they are difficult to decipher in relation to any purported claims he intends to raise, consisting of, *inter alia*, run-on letters, news stories, pictures, website content, screenshots of websites, and statutory

excerpts. However liberally construed, Plaintiff's Complaint and subsequent filings fail to state a claim for fraudulent concealment, breach of contract, tort, or a violation of copyright laws. Accordingly, and consistent with other similar filings in our District, Plaintiff's Complaint does not pass the pleading standard under § 1915(e)(2)(B) and Rule 8. *See Shabazz v. Brian Monihan Bank of America, et al.*, Civil Action No. 23-7321 (SDW) (CLW), D.E. Nos. 37, 39, 42, 43 (D.N.J.); *see also Shabazz v. Diggs, et al.*, Civil Action No. 23-12046 (JXN) (ESK), D.E. Nos. 10 & 21 (D.N.J.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-16641 (JXN) (JBC), D.E. No. 17 (D.N.J.).

14. The Court therefore **DISMISSES** Plaintiff's Complaint for failure to state a claim. The dismissal is *without prejudice* to Plaintiff's ability to replead. If Plaintiff repleads, he must clearly outline the facts supporting his claims. He may do so by submitting, with an amended complaint, an addendum outlining the appropriate information in separately numbered paragraphs. Plaintiff is on notice that failure to file an amended complaint on time or to cure the deficiencies in the Complaint will result in a dismissal *with prejudice*.

Accordingly, it is on this 29th day of August 2024,

**ORDERED** that Plaintiff's IFP application (D.E. No. 36) is **DENIED** *without prejudice*; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED** *without prejudice* for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff may file an amended complaint and re-submit an application to proceed *in forma pauperis* within 14 days from the date of this Order; and it is further

**ORDERED** that failure to timely file an amended Complaint may result in the dismissal of this matter *with prejudice*; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff by regular U.S. Mail; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

*/s/ Esther Salas*
**Hon. Esther Salas, U.S.D.J.**
