UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

December 2, 2024

**LETTER MEMORANDUM**

Re:   *Shabazz v. Carney, et. al.*,
      Civil Action No. 24-7967 (ES) (JSA)

Dear Parties:

On August 29, 2024, the Court denied *pro se* Plaintiff Danny Amen Anderson Valentine Shabazz's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") *without prejudice* and dismissed Plaintiff's complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. No. 48 ("August 29 Order")). The Court provided Plaintiff fourteen (14) days to re-submit an IFP application and file an amended complaint with a warning that failure to timely comply with the Court's Order may result in dismissal *with prejudice*. (*Id.* at 6). The Court also directed the Clerk of Court to mail a copy of the August 29 Order to Plaintiff by regular U.S. mail. (*Id.* at 7). As of the date of this Letter Order, Plaintiff has not filed a revised IFP application or an amended complaint.[1]

Since August 29, 2024, the Clerk of Court sent at least fifteen mailings to Plaintiff, including two mailings that contained the August 29 Order—all of which have been returned to the Court as undeliverable. (*See* D.E. Nos. 54, 55, 56, 71, 72, 73, 89, 90 (returned mailing of the August 29 Order), 114, 115, 116, 117, 118, 119 (second returned mailing of the August 29 Order) & 127). These returned mailings reflect attempted delivery to the mailing address Plaintiff provided when filing this action and the only official mailing address the Court has on file for Plaintiff in connection with the instant matter. (*See, e.g.*, D.E. No. 119; *see also* D.E. No. 1 at 1). Plaintiff has not provided the Court with an email address. Notwithstanding the Court's inability to reach Plaintiff by mail or electronic notifications, he continues to file dozens of documents on the docket with the assistance of the ECF Help Desk. (*See, e.g.*, D.E. Nos. 49–53, 57, 59–70, 74–88, 91–99, 101–13, 120–26 & 128–39). In addition, Plaintiff filed five purported motions, including (i) a "Motion to Expedite Ex parte Restraining Order," (ii) a motion to recuse the Honorable Judge Jessica S. Allen, U.S.M.J., (iii) a motion for discovery, (iv) a "motion to expedite

---

[1]   Plaintiff also never filed a civil cover sheet in accordance with Local Civil Rule 5.1(e). *See* L. Civ. R. 5.1(e) ("Plaintiff or plaintiff's attorney, upon filing a complaint, . . . shall simultaneously file with the Clerk a completed civil cover sheet.").

injunction," and (v) a motion "for Discovery Request for Production." (D.E. Nos. 45, 58, 100, 141 & 145 (together, the "Motions")).[2]

These documents, akin to those assessed in the Court's August 29 Order, consist of largely incoherent grievances and random materials, including website content, photos, screen shots, purported contracts, articles, and statutory excerpts. (*See, e.g.*, D.E. No. 49 (unexecuted "Producer Agreement"); D.E. No. 51 (letter to the court regarding a cyber security breach with excerpts from a purported "criminal resource manual"); D.E. No. 123 (screen shots from cell phone); D.E. No. 133 (screen shots of Instagram photographs); D.E. No. 135 (article entitled "Cutting off the King's Head: Rethinking Authority in International Law")). As noted in the Court's August 29 Order, and consistent with other actions brought by Plaintiff in this District, Plaintiff's filings remain difficult to decipher in relation to any purported claim he intends to raise and include numerous letters addressed to various individuals and public figures. (*See* D.E. No. 48[3]; *see also, e.g.*, D.E. No. 62 (letter to "Chris Bruce, Why Fly Internet, and all King Creative LLC employees" entitled "notice to cease and desist"); D.E. No. 126 (letter to "the US Attorney"); D.E. No. 70 (letter to "Chris Wray, Mayorkas and William Burns" entitled "Notice to Sue"); D.E. No. 130 (letter to "the CIA"); D.E. No. 132 (letter to "Corporate America and Law Enforcement"); D.E. No. 134 (letter to Kamala Harris); D.E. No. 136 (letter to "Obama, Joe, Kamala, Chris Coons and WPD"); D.E. No. 138 (letter to Merrick Garland)).

Despite his continuous filings, Plaintiff has not provided the Court with any indication that he intends to prosecute this matter by submitting a revised IFP application and/or an amended complaint. Thus, Plaintiff has not complied with the Court's August 29 Order in the three months since its issuance.

In addition, and relevant here, Local Civil Rule 10.1(a) requires Plaintiff to provide the Court with an up-to-date mailing address "within seven days of being apprised of such change by filing a notice of said change with the Clerk." L. Civ. R. 10.1(a). The rule further provides that "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court." *Id.* Despite more than a dozen mailings to Plaintiff's address on file having been returned to the Court as undeliverable, Plaintiff has never provided the Court with an updated mailing address. Moreover, although Plaintiff actively files documents in this matter with the assistance of the ECF Help Desk, it does not appear that Plaintiff has ever checked in on the status of his IFP application.

---

[2] Plaintiff's motions for recusal and discovery contain pages entitled "Certificate of Service" with the same address for Plaintiff as reflected on the docket and on the Court's mailings to Plaintiff. (D.E. No. 58 at 4; D.E. No. 100 at 4). And one of Plaintiff's latest filings reflects a slightly different mailing address under Plaintiff's name that has an alternate street number. (D.E. No. 141). However, as noted below, Plaintiff has not officially noticed the Court with a change in address as required under Local Civil Rule 10.1(a).

Docket Entry Number 45 was filed under seal on August 26, 2024. (D.E. No. 45). However, Plaintiff has not filed a motion to seal any information contained in Docket Entry Number 45 under Local Civil Rule 5.3, which requires that such motion be filed within fourteen days following the sealed filing of confidential material. Because the Court cannot decipher any confidential information contained in Docket Entry Number 45, it declines to file this Order or any of the information contained herein under seal. Should Plaintiff move to seal any information contained in Docket Entry Number 45, he may also seek to redact corresponding information in this Order provided that Plaintiff sets forth adequate bases for sealing such material.

[3] *See also Shabazz v. Brian Monihan Bank of America, et al.*, Civil Action No. 23-7321 (SDW) (CLW), D.E. Nos. 37, 39, 42 & 43 (D.N.J.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-12046 (JXN) (ESK), D.E. Nos. 10 & 21 (D.N.J.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-16641 (JXN) (JBC), D.E. No. 17 (D.N.J.).

Accordingly, based on the foregoing, the Court will give Plaintiff twenty-one (21) days to provide the Court with an updated mailing address pursuant to Local Civil Rule 10.1(a). In addition, the Court will provide Plaintiff one final opportunity to comply with the August 29 Order. Thus, within twenty-one (21) days of the date of this Letter Memorandum, Plaintiff shall (i) submit a revised IFP application or pay the required filing fee of $405, and (ii) file an amended complaint addressing the deficiencies set forth in the August 29 Order. Failure to comply with any aspect of the Order accompanying this Letter Memorandum may result in dismissal *with prejudice*. *See, e.g.*, *McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148 (3d Cir. 2012); *James v. Riordan*, No. 13-1667, 2016 WL 4544336 (D.N.J. Aug. 30, 2016); *Roy v. Trident Ins. Agency*, No. 14-6369, 2015 WL 5822783 (D.N.J. Oct. 2, 2015).

Finally, because Plaintiff has not yet complied with the August 29 Order, there is presently no operative complaint upon which the parties may proceed. Thus, Plaintiff's Motions are denied as moot *without prejudice*. (*See* D.E. Nos. 45, 58, 100, 141 & 145).[4] An appropriate Order accompanies this Letter Memorandum.

---

[4] Plaintiff's Motions also fail on the merits. First, Plaintiff's purported motion for a "restraining order" consists of one paragraph that relates to an alleged "cyber security breach agreed by CISA in July of 2021" and does not seek any affirmative relief that this Court can decipher. (D.E. No. 45). In addition, although Plaintiff's latest motion for discovery also requests "a restraining order on all parties and the removal of ['cameras and screaming [sic]'] equipment," allegedly being used to "stalk" Plaintiff's team, these assertions amount to pure speculation and it is unclear how such allegations relate to New Jersey's laws protecting victims of sexual assault, as Plaintiff suggests. (*See* D.E. No. 145). Accordingly, Plaintiff's motions fall woefully short of the applicable standards set forth under Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 for temporary and/or preliminary injunctive relief. (*See id.*; *see also* D.E. No. 45-1 (containing a list of indiscernible points under the header "Exhibit"); D.E. No. 45-2 (same, under the header "Financial Audit")).

Second, Plaintiff's motion to recuse Magistrate Judge Allen is of no moment. (D.E. No. 58). Although Plaintiff attempts to argue that Her Honor cannot properly adjudicate this matter in light of an alleged bias, he sets forth absolutely no bases for this unsupported belief. Moreover, contrary to his contention that Her Honor "did nothing" and "did not act in a timely manner or legitimate manner," Judge Allen promptly responded to Plaintiff's motion to appoint pro bono counsel—specifically four (4) days after plaintiff filed the motion—by reiterating his unfulfilled obligations upon filing the instant matter: either paying the filing fee or filing an IFP application. (D.E. No. 8 (citing the Clerk of Court's prior letter outlining the same instructions)). Simply put, Plaintiff's submission—which falls short of the required affidavit pursuant to 28 U.S.C. § 144—"is legally insufficient to compel [Magistrate Judge Allen's] disqualification." *See United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976).

Third, Plaintiff's first motion for discovery, although filed on the public docket, contains a redaction to the first sentence, making it impossible to decipher. (D.E. No. 100). Moreover, the remainder of Plaintiff's discovery requests include, for example, "all correspondence with Lisa Blunt Rochester and The State of Delaware about the 1.2 billion twice" (*id.*), "[a]ll correspondence with his security team and all Torchstone Global, Lighthouse Security LLC and all police regarding the transactions form 47th and 7th LLC" (*id.*), and "all materials, finances, contract with Berkshire Bank, correspondence with law enforcement, text to Officer Ryan Jordan, bank statements, electric bills, Production agreements and conversations with city, state and federal officials" (D.E. No. 145). These requests are premature and cannot be properly assessed at this time without an operative complaint. (*See* D.E. Nos. 100 & 145).

Fourth, as best as this Court can decipher, Plaintiff's "motion to expedite injunction" purports to request an injunction to enforce a non-disclosure agreement. (D.E. No. 141 at 3). However, Plaintiff provides no details regarding the terms of the non-disclosure agreement or the purported breaches or threatened breaches that he seems to complain of. (*See generally id.*). This motion, like the first, fails to meet the standards set forth under Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 for temporary and/or preliminary injunctive relief.

3

<u>*s/ Esther Salas*</u>  
**Esther Salas, U.S.D.J.**