**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANNY AMEN ANDERSON VALENTINE SHABAZZ,**<br>**Plaintiff,**<br>**v.**<br>**JOHN CARNEY,** ***et al.***<br>**Defendants.** | **Civil Action No. 24-7967 (ES) (JSA)**<br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Danny Amen Anderson Valentine Shabazz's ("Plaintiff") "Motion to Review and Reopen Fair Hearing" (D.E. No. 184 ("Motion to Reopen")). Having carefully considered Plaintiff's submissions and other relevant portions of the record without oral argument (*see* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b)); and it appearing that:

1. On July 23, 2024, Plaintiff filed his Complaint, (D.E. No. 1), without the required filing fee or application to proceed *in forma pauperis* ("IFP"). (D.E. No. 2).

2. On August 1, 2024, the Hon. Jessica S. Allen, U.S.M.J., directed Plaintiff to either submit an application to proceed IFP or alternatively pay the filing fee. (D.E. No. 8).

3. On August 16, 2024, the Court issued an Order that Plaintiff's Complaint be deemed withdrawn and the instant matter closed, due to Plaintiff's failure to pay the required filing fee or file an application to proceed IFP. (D.E. No. 33).

4. On August 20, 2024, Plaintiff filed an application to proceed IFP. (D.E. No. 36). On August 29, 2024, the Court issued an Order denying Plaintiff's application to proceed IFP and dismissing Plaintiff's Complaint without prejudice for failure to state a claim upon which relief

can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. No. 48 ("August 29, 2024 Order")). The Court ordered Plaintiff to file an amended complaint and re-submit an application to proceed IFP within 14 days from the date of that Order. (*Id.* at 6). In that Order the Court explicitly stated that "Plaintiff is on notice that failure to file an amended complaint on time or to cure the deficiencies in the Complaint will result in a dismissal *with prejudice*." (*Id.*).

5. Plaintiff filed several additional motions between August 2024 and December 2024 (D.E. Nos. 45, 58, 100, 141 & 145). Despite the directives of the August 29, 2024 Order, Plaintiff did not file an amended complaint or re-submit an application to proceed IFP.

6. On December 2, 2024, the Court denied Plaintiff's motions (D.E. Nos. 45, 58, 100, 141 & 145) as moot without prejudice. (D.E. Nos. 148 & 149 (together, "December 2, 2024 Order")). The Court again directed Plaintiff to file a revised application to proceed IFP, file an amended complaint, and provide the Court with an accurate and/or updated mailing address, each within twenty-one (21) days of the December 2, 2024 Order. (D.E. No. 148 at 3). And once again, the Court warned that "[f]ailure to timely comply with any aspect of this Order may result in dismissal of this matter with prejudice." (D.E. No. 149).

7. For over eighteen (18) months, Plaintiff has failed to comply with the Court's December 2, 2024 Order. Plaintiff has not filed a revised application to proceed IFP, has not filed an amended complaint, and has not provided the Court with an accurate and/or updated mail address.

8. Despite his continuous filings since the December 2, 2024 Order, Plaintiff has not provided the Court with any indication that he intends to prosecute this matter by submitting a revised IFP application and/or an amended complaint.

9. As noted in the Court's August 29, 2024 Order and December 2, 2024 Order, it remains difficult to decipher how Plaintiff's filings relate to any purported claim he intends to raise. Plaintiff's filings include screenshots (provided without explanation or context) and numerous letters addressed to various, seemingly unrelated, individuals, institutions, and public figures. (*See, e.g.*, D.E. No. 159 ("Letter to FBI"); D.E. No. 162 ("Letter to Joe Biden and Barack Obama"); D.E. No. 166 (pages of screenshots titled "National Security Breach"); D.E. No. 173 ("Letter to Why Fly Internet"); D.E. No. 179 ("Letter to all Federal Judges 47th and 7th LLC")).

10. Despite failing to follow the directives of the December 2, 2024 Order, Plaintiff has continued to file motions too, filing a "Motion for Discovery," (D.E. No. 177), and a "Motion to Seal," (D.E. No. 181). The Hon. Jessica S. Allen, U.S.M.J., denied both motions on May 25, 2025. (D.E. No. 183).

11. Additionally, Plaintiff has repeatedly failed to provide the Court with an up-to-date mailing address, despite the Local Civil Rule 10.1(a) requirement that Plaintiff provide an up-to-date mailing address "within seven days of being apprised of such change by filing a notice of said change with the Clerk." L. Civ. R. 10.1(a). More than a dozen mailings to Plaintiff's address on file have been returned to the Court as undeliverable. (*See* December 2, 2024 Order at 2; *see also* D.E. Nos. 165 & 176). Although the Clerk's Office updated Plaintiff's address based on the address listed on a Certificate of Service attached to his Motion for Discovery filing, (D.E. No. 177), mail to that address has also been returned as undeliverable. (D.E. Nos. 180 & 182).

12. Furthermore, because Plaintiff has not complied with the August 29, 2024 Order or December 2, 2024 Order, there is currently no operative complaint in the instant matter.

13. The Court has provided Plaintiff with multiple opportunities to comply with its orders over a period of almost two years. In the December 2, 2024 Order, the Court gave Plaintiff "one final opportunity to comply with the August 29 Order." (D.E. No. 148 at 3).

14. "District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Dismissal of an action with prejudice may be appropriate under Rule 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Fields v. Fed. Bureau of Prisons*, No. 23-2479, 2025 WL 1303941 (3d Cir. May 6, 2025) (affirming district court's *sua sponte* dismissal with prejudice where plaintiff failed to prosecute his case).

15. Generally, when considering whether to dismiss a case due to a plaintiff's failure to prosecute or comply with Court directives, the Court must consider the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). These factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868.

16. However, "when a litigant's conduct makes adjudication of the case impossible . . . balancing under Poulis is unnecessary." *McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (affirming district court's dismissal as a sanction for plaintiff's failure to provide the Court with an accurate mailing address); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (holding district court did not clearly err in holding that because the plaintiff's "conduct

makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors").

17. The present matter can likely be dismissed with prejudice pursuant to Rule 41(b) even without consideration of the *Poulis* factors. Plaintiff has not yet filed an appropriate IFP application. Nor has he filed an amended complaint in accordance with the August 29, 2024 and December 2, 2024 Orders. As such, there is no operative complaint upon which the parties may proceed. Furthermore, Plaintiff has failed to provide an up-to-date mailing address and as a result, the Court cannot effectively communicate with Plaintiff. Thus, Plaintiff has failed to comply with the Court's orders or otherwise meaningfully prosecute this case, making adjudication of this case impossible and warranting dismissal of the action.

18. Although analysis under the *Poulis* factors may not be necessary in this matter, the Court finds that the *Poulis* factors also support dismissal. No single *Poulis* factor is dispositive, and not all the *Poulis* factors must be satisfied to justify dismissal. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

19. The first *Poulis* factor, "the extent of the party's personal responsibility," weighs in favor of dismissal. Plaintiff alone, acting *pro se*, bears the full responsibility for failure to follow Court orders or otherwise properly prosecute his case. *See Briscoe*, 538 F.3d at 258–29 ("[I]t is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney") (emphasis added); *see also Roy v. Trident Ins. Agency*, No. 14-6369, 2015 WL 5822783, at *2 (D.N.J. Oct. 2, 2015) (plaintiff acting *pro se* "cannot attribute blame to counsel or anyone else for the failure to move this case forward"). Thus, the first *Poulis* factor weighs in favor of dismissal.

20. The second *Poulis* factor, which accounts for "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery," also favors dismissal. Plaintiff has consistently failed to respond to multiple court orders directing him to file an appropriate IFP application or an amended complaint sufficient to survive the screening required under 28 U.S.C. § 1915(e)(2)(B). Thus, summonses have not yet been issued, let alone served, and Defendants have had no opportunity to investigate or otherwise defend against claims that have now been pending for more than two years. Plaintiff's prolonged failure to comply with Court orders has delayed any meaningful progress in this case, and Defendants are prejudiced by Plaintiff's continued inaction. *See Roy*, 2015 WL 5822783, at *2.

21. The third *Poulis* factor, "a history of dilatoriness," again favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness." *Adams v. Trs. of New Jersey Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Plaintiff has repeatedly ignored numerous Court orders for over two years. (*See* D.E. Nos. 8, 33, 48, 148 & 149). Plaintiff has also consistently failed to update his address despite mail having been returned undeliverable over the past two years. *See Ojeniyi v. Franklinville Twp.*, No. 19-14568, 2021 WL 2530723, at *2 (D.N.J. June 21, 2021) (finding plaintiff's failure to update his address despite mail having been returned undeliverable numerous times over 13 months weighed in favor of dismissal). Plaintiff's repeated noncompliance constitutes a "history of dilatoriness" and thus weighs in favor of dismissal.

22. The fourth *Poulis* factor, "whether the conduct of the party or the attorney was willful or in bad faith," again weighs in favor of dismissal. There are insufficient facts to suggest bad faith in this case. But "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful

for the purposes of the fourth *Poulis* factor.'" *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (internal quotations and citations omitted); *see also Cox v. United Parcel Serv., Inc.*, 753 F. App'x 103, 106 (3d Cir. 2018) (finding willfulness where plaintiff was "repeatedly warned" his case would be dismissed unless he complied with court orders). In this case, Plaintiff has provided no reason for his consistent failure to comply with court orders and refuses to file an amended complaint, despite his ability to file numerous other documents and motions on the docket. Thus, the Court finds Plaintiff has willfully chosen not to take steps to move this action forward, and this factor weighs in favor of dismissal.

23. The fifth *Poulis* factor, "the effectiveness of sanctions other than dismissal," weighs in favor of dismissal too. The Third Circuit has identified several alternative sanctions including a "warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses." *Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) (internal quotations and citations omitted). The Court finds that these lesser sanctions would have no effect on Plaintiff's compliance with court orders. The Court has already repeatedly warned Plaintiff that failure to file an amended complaint may result in dismissal of his claims. *See Roy*, 2015 WL 5822783, at *2 ("Plaintiff was warned that failure to file an amended complaint may result in the dismissal of his claims with prejudice, but even this warning has not prompted Plaintiff to prosecute his case.") As Plaintiff has indicated a need to proceed IFP, monetary sanctions are not appropriate. *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017). Finally, not knowing Plaintiff's correct address, the Court has no ability to contact Plaintiff and is "simply unable to communicate to Plaintiff any alternative sanctions." *Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299 (D.N.J. Jan. 23, 2015). Thus, viewed from every angle, this factor weighs in favor of dismissal.

24. Finally, the sixth *Poulis* factor, "the meritoriousness of the claim or defense," also supports dismissal. The Court already dismissed Plaintiff's Complaint, without prejudice, after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. No. 48). Plaintiff's failure to file an amended complaint provides the Court with no basis to conclude that Plaintiff can assert a meritorious claim in this case. *Roy*, 2015 WL 5822783, at *3.

25. For the foregoing reasons, the Court finds that Plaintiff has made adjudication of his case impossible and that the *Poulis* factors weigh in favor of dismissal of this case.

26. Therefore, given Plaintiff's prolonged failure to comply with Court orders, and this Court's repeated warnings that failure to comply could result in the dismissal of this matter with prejudice, this Court will dismiss this matter *with prejudice* and deny Plaintiff's Motion to Reopen as moot *with prejudice*.

27. In sum, the Court holds that Plaintiff's Motion to Reopen (D.E. No. 184) is **DENIED** as moot *with prejudice*; that the Clerk of Court shall **TERMINATE** Docket Entry Number 184; and this matter is **DISMISSED** *with prejudice*.

An appropriate Order follows this Opinion.

**Esther Salas, U.S.D.J.**

Dated: September 4, 2026